UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOSEPH N. CUNNINGHAM, JR., M.D.,

                    Plaintiff,

            -against-

INSURANCE COMPANY OF NORTH AMERICA
and CHRISTI INSURANCE GROUP, INC.,

                    Defendants.
----------------------------------------------------------X

**MEMORANDUM & ORDER**

04 CV 2997 (RJD) (VVP)

DEARIE, District Judge.

Plaintiff Joseph Cunningham sues Insurance Company of North America (INA) for failing to compensate him after his fifty-foot fishing vessel was destroyed by fire. Plaintiff also sues his insurance broker, Christi Insurance Group, for malpractice, negligence, and breach of contract. Defendants move for summary judgment. The Court referred the motion to Magistrate Judge Pohorelsky for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). On April 27, 2006, Judge Pohorelsky recommended that both summary judgment motions be granted. For the following reasons, the Court grants INA's motion for summary judgment but on somewhat different grounds than stated in the Report. The Court also agrees with Judge Pohorelsky that Christi is entitled to summary judgment on plaintiff's breach of contract claim.[1] Christi's motion for summary judgment on plaintiff's negligence claim, however, is denied.

## BACKGROUND

The following facts are not in dispute. Defendant Christi Insurance Group obtained

---

[1] Plaintiff does not object to Judge Pohorelsky's determination that the malpractice claim is untimely.

insurance for plaintiff's fishing vessel from INA. The policy became effective on April 17, 1998, and was renewed each year until April 17, 2004. Id. ¶ 18. On March 11, 2004, the vessel was destroyed by fire. INA denied coverage because it claimed plaintiff had failed to lay up his vessel ashore from December to April as required by the policy. The policy states that "[i]f the . . . Lay-Up Warranty [is] breached voluntary [sic] there shall be no coverage under this policy without both prior notice to us and approval by us." Policy at 7; Mercante Aff. Ex. 2.

Plaintiff filed this action on July 15, 2004. He alleges that INA breached its contract by denying his insurance claim, or that, in the alternative, Christi is liable for failing to procure an adequate policy. Magistrate Judge Pohorelsky concluded that because plaintiff repeatedly violated the lay-up warranty he was not entitled to coverage under the INA policy. Judge Pohorelsky also determined that plaintiff's claims against Christi are barred by the applicable statutes of limitation.

## DISCUSSION

### A. Standard for Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Only when no reasonable trier of fact could find in favor of the nonmoving party should summary judgment be granted." White v. ABCO Eng'g Corp., 221 F.3d 293, 300 (2d Cir. 2000) (quoting Taggart v. Time, Inc., 924 F.2d 43, 46 (2d Cir. 1991)). The court must draw all inferences from the underlying affidavits, exhibits, and depositions "in the light most favorable to the party opposing the motion." Cronin v. Aetna Life Ins. Co., 46

F.3d 196, 202 (2d Cir. 1995). If, after drawing such inferences, the court finds that an issue of material fact remains, the motion for summary judgment must be denied.

## B. Claims Against INA

Magistrate Judge Pohorelsky did not reach the question of whether plaintiff was in breach of the lay-up warranty at the time of the fire. Instead, Judge Pohorelsky ruled that because plaintiff unquestionably and frequently violated the lay-up warranty before the date of the fire, he forfeited coverage under the insurance policy. The New York Court of Appeals and the Second Circuit have made clear, however, that insurers must explicitly and clearly indicate that a breach permanently ends coverage if that is their intention. See Henjes v. Aetna Ins. Co., 132 F.2d 715, 719 (2d. Cir. 1943) (explaining that had the defendant insurers intended a breach to end coverage "they should have made that convincingly clear"); Smith v. Northwestern Fire & Marine Ins. Co., 246 N.Y. 349, 361 (1927) (noting that if an insurer intends a breach to trigger more than a mere suspension of the policy, "there must be an express provision that the effect of any breach shall be to end the policy forever.").

Defendant's policy contains no such explicit language. It states that if the lay-up warranty is breached there "shall be no coverage under this policy without both prior notice to us and approval by us." Policy at 7; Mercante Aff. Ex. 2. At a minimum, this provision means that during a breach of the lay-up warranty, plaintiff would not be covered for any damage to the boat, but it does not clearly state that a breach results in a permanent loss of coverage. Indeed, in its response to plaintiff's objections, defendant INA primarily contends that plaintiff was in breach of the lay-up warranty at the time of the fire. See Def. Resp. at 3.

The key question then is whether plaintiff's vessel was in breach of the lay-up warranty

3

when the fire occurred. Plaintiff was required to lay up his vessel "ashore" from December to April.[2] It is undisputed that the vessel was in the water at the time of the fire, but plaintiff asserts that the term "ashore" does not necessarily require the vessel to be on land. It is true that "ashore" can sometimes mean "to or toward the water", but this directional definition makes no sense in the context of laying up a vessel. The word, as it is used in the contract, unambiguously means "on land" or the opposite of "afloat." Otherwise, there would be no point in specifying that the boat needed to be "ashore" when it was laid up. See Alexander & Alexander Servs. v. These Certain Underwriters at Lloyd's, 136 F.3d 82, 86 (2d Cir. 1998) ("An ambiguity exists where the terms of a contract could suggest more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business.") (internal quotation marks omitted).

Indeed, plaintiff even indicated at his deposition that he understands "ashore" to mean out of the water:

> Q .... The loss occurred when you were in the water, correct?
> A Right.
> Q So we can agree it wasn't ashore?
> A Right.

Cunningham Dep. at 71; Mercante Aff. Ex. 9. In addition, plaintiff asserts in the complaint that the yacht club where his vessel was docked "did not have the facilities or equipment necessary to

---

[2] Plaintiff argues that the provision requiring that the vessel be laid up ashore is not a warranty. The Court disagrees. The ashore requirement "has the effect of requiring . . . the existence of a fact which tends to diminish . . . the risk of the occurrence of any loss damage, or injury," in accordance with the definition of a "warranty" under New York Insurance Law § 3106. Furthermore, at the top of the relevant section are the words "Lay-up Warranty." See Policy Declarations Page; Mercante Aff. Ex. 3.

remove . . . the Vessel from the water to be laid up ashore." Am. Compl. ¶ 15. Plaintiff's present argument that he satisfied the ashore requirement by merely having his vessel close to the shore is therefore disingenuous. Plaintiff was in breach of the lay-up warranty at the time of the fire.

Plaintiff argues that even if he was in breach of the warranty, his breach was not material to the loss of the boat. New York courts, however, have long held that breaches of marine insurance contracts—even ones relating to lay-up or docking requirements—need not be material in order for the insurer to disclaim coverage. The Second Circuit in Gelb v. Automobile Ins. Co., 168 F.2d 774 (2d Cir. 1948), for example, addressed a contract provision requiring that plaintiff's yacht be "laid up and out of commission" for certain months. Id. at 775. The court held that under New York law "proof of a causal relation is not required where there has been such a breach of a warranty in a marine policy." Id. at 76; see also Jarvis Towing & Transp. Corp. v. Aetna Ins. Co., 298 N.Y. 280, 282 (1948) (holding that a provision requiring a watchman to examine a vessel when it was moored was an "express promissory warranty, which must be literally complied with, and that noncompliance forbids recovery, regardless of whether the omission had causal relation to the loss").

In addition, New York Insurance Law § 3106(c) exempts marine insurance contracts from the general rule that a breach of a warranty must be material in order for the insurer to disclaim coverage. See Commercial Union Ins. Co. v. Flagship Marine Servs., 190 F.3d 26, 32 (2d Cir. 1999). Plaintiff argues that § 3106(c) is inapplicable because the lay-up warranty does not pertain to "risks or perils of navigation, transit, or transportation." Pl. Mem at 50. However, the purpose of the lay-up warranty is to avoid the risks of transit during the winter months. See N.H.

5

Ins. Co. v. Dagnone, 394 F. Supp. 2d 480, 486 (D.R.I. 2005) ("The Lay-Up Warranty . . . is a warranty in a marine insurance policy that pertains to a risk of navigation, transit or transportation. Consequently, New York law forecloses any coverage . . . if [plaintiff] was in breach of the Lay-Up Warranty at the time of the accident, irrespective of the relation between the breach and the damage."). INA's motion for summary judgment is granted.

## C. Claims Against Christi Insurance Group, Inc.

The Court agrees with Judge Pohorelsky's determination that plaintiff's breach of contract claim is barred by the applicable statute of limitations, but it concludes that plaintiff's negligence claim is timely.

### 1. Plaintiff's Breach of Contract Claim

Insurance agents and brokers are not professionals under CPLR 214(6), see Chase Scientific Research, Inc. v. NIA Group, Inc., 96 N.Y.2d 20, 31 (2001); therefore, under CPLR 213(2), a six-year statute of limitations applies to plaintiff's breach of contract actions, see Price v. J & H Marsh & McLennan, Inc., No. 03 CV 292, 2004 U.S. Dist LEXIS 12601, at *9 (D. Vt. 2004). In order to be timely, the cause of action for breach of contract must have accrued less than six years before July 15, 2004, the date plaintiff filed this action.

Under New York law, a "breach of contract cause of action accrues at the time of the breach," Ely-Cruikshank Co. v. Bank of Montreal, 81 N.Y.2d 399, 402 (1993), and "knowledge of the occurrence of the wrong on the part of the plaintiff is not necessary to start the Statute of Limitations running in a contract action," id. at 403 (internal quotation marks and alterations omitted); see also T & N PLC v. Fred S. James & Co., 29 F.3d 57, 60 (2d Cir. 1994). Plaintiff makes clear in his complaint that the alleged breach is Christi's failure "to procure adequate,

suitable, valid and binding insurance for [plaintiff] covering the Vessel." Compl. ¶ 68. Although plaintiff suggests that he was never sent a copy of the policy, he does not dispute that the coverage was procured in April or May 1998 or that the policy was issued in early May 1998. Pl. Objs. at 24. As a result, his breach of contract claim is time barred regardless of whether he knew in May 1998 that the policy did not provide his desired coverage.

Plaintiff also asserts that there was a new contract each year on April 17, but the complaint makes clear that the initial contract was simply renewed each year with no discussions between Christi and plaintiff. Compl. ¶ 18 ("The INA policy was . . . renewed on an annual basis . . ."). "[A]nnual renewals, effected with no further discussions between plaintiff and the broker . . . constitute only new instances of damage, and are therefore, irrelevant for limitations analysis." Hudson Envelope Corp. v. Klausner, 670 N.Y.S.2d 104 (App. Div. 1998). Plaintiff also argues that Christi had an ongoing "duty" under the contract, but "[u]nder New York law . . . the continuous treatment doctrine does not apply to insurance brokers and agents." One Beacon Ins. v. Terra Firma Constr. Mgmt, No. 02 Civ. 7492, 2004 U.S. Dist. LEXIS 2948, at *10 (S.D.N.Y. 2004); see also Chase Scientific Research, Inc. v. NIA Group, Inc., 96 N.Y.2d 20, 20 (2001). As was the case in T&N, "[t]he essence of [plaintiff's] claims is that [defendant] breached its duty to obtain adequate insurance coverage. The record does not suggest that [defendant] was under continuing duty to assure that [plaintiff's] coverage was satisfactory." T&N, 29 F.3d at 60.

2. Plaintiff's Negligence Claim

Under CPLR § 214(4), the applicable statute of limitations for negligence is three years. See Chase Scientific, 96 N.Y.2d at 31 (2001). Plaintiff claims that under New York law the

7

accrual date of his negligence claim is March 11, 2004 (the date of the fire); Christi asserts that the accrual date is in the spring of 1998 when it procured insurance for defendant. Several New York Appellate Division and federal district courts have held that "[i]n negligence claims against insurance brokers for failure to procure adequate insurance coverage . . . the cause of action accrues when the broker fails to procure adequate coverage." Price v. J & H Marsh & McLennan, Inc., No. 03 CV 292, 2004 U.S. Dist LEXIS 12601, at *7-8 (D. Vt. 2004); see also One Beacon, 2004 U.S. Dist. LEXIS 2984 at *9 (holding that negligence claims "against an insurance broker accrue[] when the wrongdoing occurs and not when the wrongdoing is discovered"); Mauro v. Niemman Agency, 303 A.D.2d 468, 468 (App. Div. 2003); Morse Diesel Int'l v. CNA Ins. Cos., 272 A.D.2d 455 (App. Div. 2000). However, at least two Appellate Division cases have held, albeit with little discussion, that the accrual date is when plaintiff suffers a loss or when the insurance company denies coverage. See Lavandier v. Landmark Ins. Co., 810 N.Y.S.2d 45, 46 (App. Div. 2006) (holding that "negligence claim [against insurance broker] accrued not at the time of the alleged breach of duty but, subsequently, at the time of injury, i.e., . . . when [the insurance company] disclaimed"); Venditti v. Liberty Mut. Ins. Co., 774 N.Y.S.2d 849, 850 (App. Div. 2004).

Neither party has cited to a New York Court of Appeals or Second Circuit opinion that provides an unequivocal answer.[3] However, the Court finds that Kronos, Inc. v. AVX Corp., 81

---

[3] For example, in Chase Scientific Research, Inc. v. NIA Group, Inc., 96 N.Y.2d 20 (2001), the New York Court Appeals considered two Appellate Division opinions. The parties in one case had agreed that the date of the accrual would be the date of the damage. Id. at 31. In the other matter, the court upheld the dismissal of plaintiff's negligence claim, but both the procurement of coverage and the relevant accident occurred more than three years before plaintiff filed his claim.

8

N.Y.2d 90 (1993), provides the clearest guidance. The Court of Appeals ruled that for tortuous inducement by a third party the accrual date is when "an injury is sustained . . . rather than the wrongful act of defendant or discovery of the injury." The court stated that "accrual occurs when the claim becomes enforceable, i.e., when all elements of the tort can be truthfully alleged in a complaint," and that "since damage is an essential element of the tort, the claim is not enforceable until damages are sustained." Id. at 94. This reasoning applies equally to a claim of negligence; according to the Second Circuit, under New York law plaintiff must demonstrate damages in order to establish a prima facie case of negligence. See Williams v. Utica College of Syracuse Univ., 453 F.3d 112, 116 (2d Cir. 2006). Plaintiff's negligence claim is therefore timely whether the damages arose on the date of the fire or when INA disclaimed coverage.

The New York Court of Appeals has held that "where a party is merely seeking to enforce its bargain, a tort claim will not lie." New York Univ. v. Continental Ins. Co., 87 N.Y.2d 308, 316 (1995). Although plaintiff asserts many of the same facts for both his tort and breach of contract claims, he does allege certain conduct that is distinct from defendant's contractual obligations. The New York Court of Appeals has held that "insurance agents have a common-law duty to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so." Murphy v. Kuhn, 90 N.Y.2d 266, 270 (1997). Plaintiff claims that defendant misled him into believing that there would be no lay-up requirement, altered his insurance application after he had signed and submitted it, and failed to alert him that he was not allowed to use the boat all months of the year. These are triable issues of fact and, as a result, the Court denies Christi's motion for summary judgment on plaintiff's negligence claim.

## Conclusion

Although on somewhat different grounds, the Court agrees with Magistrate Judge Pohorelsky's recommendation that INA's motion for summary judgment be granted. The Court also grants Christi's motion for summary judgment on plaintiff's breach of contract claim, but denies its motion for summary judgment on plaintiff's negligence claim.

SO ORDERED.

Dated: Brooklyn, New York
August 30, 2006

s/ Judge Raymond J. Dearie
_____
RAYMOND J. DEARIE
United States District Judge