UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSEPH N. CUNNINGHAM, JR., M.D.,

                    Plaintiff,

            -against-

INSURANCE COMPANY OF NORTH AMERICA
and CHRISTI INSURANCE GROUP, INC.,

                  Defendants.
-----------------------------------------------------------X
DEARIE, Chief Judge.

**MEMORANDUM & ORDER**

04 CV 2997 (RJD) (VVP)

## BACKGROUND

Plaintiff Joseph Cunningham brings suit against Insurance Company of North America ("INA") and Christi Insurance Group, Inc. ("Christi"), alleging breach of contract, negligence, and malpractice. On January 23, 2006, the Court referred defendants' motions for summary judgment to Magistrate Judge Viktor V. Pohorelsky for Report & Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). On April 27, 2006 Magistrate Judge Pohorelsky issued a Report & Recommendation ("Report"), recommending that INA's motion for summary judgment be granted based upon plaintiff's breach of the "lay-up clause" of his insurance contract, and that Christi's motion be granted on the ground that plaintiff's claims against it were time-barred. After both sides submitted memoranda in response, on August 31, 2006, the Court issued a Memorandum & Order ("Order") granting INA's motion on grounds slightly different from those articulated in the Report, adopting the Report's recommendation that plaintiff's contract claims against Christi be dismissed, and denying summary judgment on plaintiff's negligence claims

against Christi.[1] Christi now moves for reconsideration pursuant to Fed. R. Civ. P. 59(e), claiming that the plaintiff should be presumed to have read and understood his insurance policy and consequentially be barred from bringing the remaining claims. For the reasons explained below, the Court grants the motion for reconsideration, but affirms its denial of Christi's motion for summary judgment with respect to plaintiff's negligence and malpractice claims.

## DISCUSSION

### A.    Reconsideration

Plaintiff contends that Christi waived reconsideration of the presumption issue by failing to reiterate that argument in response to the Report. This contention is without merit. The reviewing standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc. 70 F.3d 255, 257 (2d Cir. 1995). Plaintiff's attempt to analogize between this case and others in which courts have denied appellate review of the rulings of Magistrate Judges on timeliness grounds is not persuasive. Christi does not seek to take a second bite at the apple by contesting this Court's ruling on the timeliness of plaintiff's negligence claim. Instead, Christi asks the Court to consider its presumption defense—an issue originally asserted in Christi's motion for summary judgment but not addressed in the Court's Order. The motion for reconsideration does not "advance new facts, issues, or arguments not

---

[1] Although the Order did not specifically address the plaintiff's malpractice claim, it is hereby noted that that claim has also survived.

2

previously presented to the Court." Nat'l Union Fire Ins. Co. v. Stroh Cos., 265 F.3d 97, 115 (2d Cir. 2001). Because a ruling for Christi on this issue "might reasonably be expected to alter the conclusion reached by the court," reconsideration is warranted.

B.   **Choice of Law**

As noted above, Magistrate Judge Pohorelsky's Report recommended summary judgment for Christi with regard to plaintiff's negligence claim on procedural (statute of limitation) grounds. Report & Recommendation 15-19. As a result, neither the Report, nor this Court's Order adopting that Report, determined which state's law would govern such an analysis. The Court therefore must address the choice of law issue at this time.

When determining what law to apply in cases arising under diversity jurisdiction, federal courts follow the choice of law rules prevailing in the forum state. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 494 (1941). "The first step in any case presenting a potential choice of law issue is to determine whether there is an actual conflict between the laws of the jurisdictions involved." Allstate Ins. Co. v. Stolarz, 81 N.Y.2d 219, 223 (1993). Christi argues for the application of New York law, under which it claims that there is "a conclusive presumption that an insured has read and understood [its] insurance policy." Def.'s Mem. Supp. Mot. Recons. 5. Plaintiff responds by urging the Court to apply New Jersey law, under which it claims that no such presumption exists, and in the alternative contests defendant's reading of New York law. The Court finds that the "conclusive presumption" cited by Christi does not apply under the facts of this case. Therefore, the result of Christi's motion is the same under New Jersey and New York law and summary judgment is denied.

1. **New Jersey Law**

New Jersey's Comparative Negligence Act allows a trier of fact considering a negligence claim to take the plaintiff's negligence into account. N.J. Stat. Ann. § 2A: 15-5.2. In Aden v. Fortsh, the New Jersey Supreme Court applied the Comparative Negligence Act to insurance brokers, holding that:

> the comparative negligence defense is unavailable to a professional insurance broker who asserts that the client failed to read the policy and failed to detect the broker's own negligence. It is the broker, not the insured, who is the expert and the client is entitled to rely on that professional's expertise in faithfully performing the very job he or she was hired to do.

169 N.J. 64, 69-70 (2001). In that case, the New Jersey Supreme Court interpreted the state's Comparative Negligence Act "to apply to the conduct of victims of professional malpractice . . . only to the extent that such conduct substantially contributed to the defendant's nonperformance." Id. at 83. New Jersey's "tradition of holding insurance professionals to high standards of care confirms its strong public policy focus on protecting parties who deal with such professionals." Highlands Ins. Co. v. Hobbs Group, LLC, 373 F.3d 347, 354 (3d Cir. 2004). The foregoing confirms the absence, under New Jersey law, of a presumption of responsibility sufficient to preclude a plaintiff's negligence action from reaching a trier of fact. Thus, under New Jersey law, Christi would not be entitled to judgment as a matter of law.

2. **New York Law**

New York courts, by contrast, do recognize a presumption that an insured who has received a policy has read and understood it. However, this presumption does not automatically apply where wrongful conduct has been alleged against the insurer. In Metzger v. Aetna Ins. Co., a case concerning an insurance policy, the New York Court of Appeals held that "[h]e who signs

4

or accepts a written contract, *in the absence of fraud or other wrongful act on the part of another contracting party*, is conclusively presumed to know its contents and to assent to them." 227 N.Y. 411, 416 (1920) (emphasis added). The <u>Metzger</u> court went on to note that "[t]here are exceptions to the general rule" and cite numerous examples thereof. One of those cases, <u>Hay v. Star Fire Ins. Co.</u>, held that "negligence of plaintiff in not discovering [a change of terms], and laches in not sooner seeking relief were questions making the propriety of granting the relief discretionary." 77 N.Y. 235, 236 (1879).

In addition to insureds and insurers, New York courts have also applied the presumption to insurance brokers. In <u>Rotanelli v. Madden</u>, a court of the New York Appellate Division overturned a lower court's denial of a defendant insurance broker's motion to dismiss. That court found that because plaintiff was presumed to have read his insurance policies, he could not claim to have relied upon an allegedly negligent statement by the defendant regarding the extent of plaintiff's coverage. 569 N.Y.S.2d 187 (App. Div. 1991). In <u>Busker on the Roof Ltd. Partnership Co. v. Warrington</u>, another Appellate Division court found that:

> [p]laintiff received the subject policy months before the accident at issue, and is conclusively presumed to have known, understood and assented to its terms, and, accordingly, has no action against its insurance broker for having procured such coverage, even though the coverage was not entirely in accord with what plaintiff had requested.

725 N.Y.S.2d 45 (App. Div. 2001); <u>see also</u> <u>McGarr v. The Guardian Life Ins. Co. of Am.</u>, 799 N.Y.S.2d 19, 21 (App. Div. 2005) (holding that an insured is "presumed to have read and understood his policy").

Nevertheless, New York courts have also noted and applied exceptions to the presumption with regard to insurance brokers—several of which are relevant to the case at hand.

In Kyes v. Northbrook Property and Casualty Insurance Co., the Appellate Division found that plaintiff's alleged reliance upon statements by his insurance agent "could, under the appropriate circumstances, supercede what the trial court deemed to be his 'conclusive presumptive knowledge of the terms and limits of the policy,'" and went on to overrule the trial court's granting of summary judgment to the defendant for that reason. 717 N.Y.S.2d 757, 759 (App. Div. 2000). See also Reilly v. Progressive Ins. Co., 733 N.Y.S.2d 220 (App. Div. 2001) (holding that "[c]ontrary to the appellant's contentions, in a case such as this, where the insureds allegedly made an explicit request for a specific amount of coverage, the mere fact that the plaintiffs had ample time yet failed to read the policy to discern the actual liability limit of the lesser of the stated amount or actual cash value of the car, is not a superseding cause precluding liability as a matter of law.").

Glick v. Spadaccia-Ryan-Hass, Inc., 736 N.Y.S.2d 491(App. Div. 2002), is particularly relevant to this case. There, the defendant insurance broker claimed that plaintiff's receipt of the policy barred his contract and negligence claims as a matter of law. After finding that the defendant knew about but failed to correct inaccurate information provided in a binder issued to the plaintiff, the court denied defendant's summary judgment motion holding that:

> Under the circumstances of this case, we find no basis to distinguish between the affirmative misrepresentation by an insurance agent regarding policy coverages in Kyes v. Northbrook Prop. & Cas. Ins. Co. and the failure to correct a clear misimpression created by defendant's issuance of a binder in the case at bar. Either circumstance is sufficient to overcome the otherwise presumptive knowledge of the terms of a policy received by the insured.

736 N.Y.S.2d at 493. In other words, when an insurance broker creates a misimpression, whether wilful or not, with regard to an insured's policy, it is not entitled to rely upon the

presumption defense as a complete defense. See also, <u>Ordonez v. Lovelace, Inc.</u>, No. 02-CV-6193, at 5, 2007 WL 496445 (E.D.N.Y. Feb. 12, 2007) (noting that New York courts "have created an exception to this general [presumption] rule where . . . an insurance agent may have failed to correct a misimpression or affirmatively misrepresented the scope of the insurance coverage." (citing <u>Glick</u> and cases cited therein)).

In <u>Baseball Office of the Commissioner v. Marsh & McLennan</u>, a court of the New York Appellate Division explained why limited exceptions to the presumption rule are warranted with respect to insurance brokers:

> An insured has a right to look to the expertise of its broker with respect to insurance matters. And, it is no answer for the broker to argue, as an insurer might, that the insured has an obligation to read the policy. It is precisely to perform this service as well as others that the insured pays a commission to the broker.

742 N.Y.S.2d 40, 48.

The Court analyzes the present motion within the context of the defendant's original motion for summary judgment. Such a motion may be granted "[o]nly when no reasonable trier of fact could find in favor of the nonmoving party." <u>White v. ABCO Eng'g Corp.</u>, 221 F.3d 293, 300 (2d Cir. 2000) (citations omitted). Plaintiff alleges that he intended to procure an insurance policy that would cover his boat year-round, and that Christi either misled or failed to alert him regarding that aspect of his coverage. It is uncontested that at least one of the initial documents detailing the policy obtained by the defendant for the plaintiff incorrectly stated that the boat would indeed be insured for all twelve months of the year. Christi's Mem. Opp. Pls.' Objections to Report & Recommendation 3. We reiterate the conclusion drawn in our August 31, 2006 order, that "these are triable issues of fact."

7

Although the presumption defense asserted by Christi undoubtedly exists, under New York law the fact that Christi may have created a misimpression concerning the extent of plaintiff's coverage through its own actions places the case squarely within the exception described above. Consequently, were the Court to apply New York law, plaintiff would not be presumed to have read and understood his insurance policy and defendant would not be entitled to summary judgment.

## CONCLUSION

For the reasons explained above, the Court finds that regardless of whether New Jersey or New York law applies to this action, summary judgment for Christi is not warranted. Defendant Christi's motion for reconsideration of the Court's Order of August 31, 2006 is granted and summary judgment is denied. Plaintiff's negligence and malpractice claims may go forward.

SO ORDERED.
Dated: Brooklyn, New York
      September 25, 2007

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge